UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STELLA LINK MOBILE SERVICE STATION, INC., § | | |
| § | | |
| PLAINTIFF, § | | CIVIL ACTION NO. |
| § | | |
| VS. § | | _____ |
| § | | |
| TRAVELERS CASUALTY INSURANCE § | | |
| COMPANY OF AMERICA, § | | |
| § | | |
| DEFENDANT. § | | |

PLAINTIFF'S ORIGINAL COMPLAINT

OVERVIEW

Plaintiff, Stella Link Mobile Service Station, Inc. ("Stella Link"), brings this lawsuit against Travelers Casualty Insurance Company of America ("Travelers") for breach of contract, and violations of the Unfair Claims Settlement Practices and Prompt Payment of Claims provisions of the Texas Insurance Code based upon Travelers' handling and denial of Stella Link's insurance claims for damage caused by Hurricane Harvey to its electronic equipment and its customers' vehicles.

PARTIES

1.     Plaintiff, Stella Link, is a domestic for-profit corporation that is incorporated under the laws of the State of Texas.  Its principal business office is in Harris County at 9403 Stella Link Road, Houston, Texas 77025. Plaintiff is therefore a citizen of the State of Texas.

2.     Defendant, Travelers, is a corporation that is incorporated under the laws of the

1

State of Connecticut. Travelers' principal business office is in Hartford, Connecticut. Travelers is therefore a citizen of the State of Connecticut.

3. Travelers may be served through its attorney for service, Corporation Service Company, 211 East 7th St., Ste. 620, Austin, TX 78701-3218.

## JURISDICTION

4. The court has jurisdiction because Plaintiff and Defendant are citizens of different U.S. states and the amount in controversy, excluding interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a)(1).

## VENUE

5. Plaintiff's claims arise from Defendant's handling and denial of Plaintiff's insurance claim for insured property located in Harris County at 9403 Stella Link Road, Houston, Texas 77025. A substantial part of the events or omissions underlying Plaintiff's claims against Defendant occurred in this district and venue is therefore proper in this district under 28 U.S.C. §1391(b)(2).

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## FACTS

7. Stella Link is an auto repair service and gas station located in Harris County at 9403 Stella Link Road, Houston, Texas 77025.

8.     Stella Link owns a property and casualty insurance policy number 680-8J868326-17-42 (the "Policy") issued by Travelers for the policy period of August 24, 2017 through August 24, 2018. The Policy is attached hereto as Exhibit A and incorporated by reference.

9.     The Policy provides Businessowners Property Coverage and Commercial General Liability Coverage. *See* Exhibit A, pp. 3-4.

10.    The Businessowners Property Coverage provides coverage for Stella Link's business personal property caused by, *inter alia*, hurricanes and windstorms. *Id.*, p.5.

11.    The Commercial General Liability Coverage includes coverage for Stella Link's customers' vehicles against "direct physical loss" or damage and loss of use caused by, *inter alia*, hurricanes and windstorms. *See* Exhibit A, pp. 103-106.

**Damage caused by Hurricane Harvey.**

12.    Hurricane Harvey made landfall along the Texas coast and affected the Houston, Texas area on or about August 25, 2017 through August 29, 2017.

13.    The electronic equipment Stella Link used in the course of its business was working properly at the close of business on August 25, 2017.

14.    When Stella Link reopened for business on or about August 30, 2019, electronic equipment was either malfunctioning or not working.

15.    The malfunctioning and non-functioning electronic equipment included: the alignment, diagnostic, and emissions inspection equipment; gas pumps; the security-camera system; and some office equipment.

### Stella Link submits a claim for coverage under the Policy for damage to electronics and customers' vehicles.

16. On or about September 1, 2017, Stella Link submitted a claim to Travelers asking that Travelers cover and pay for damage, including damage to the electronic equipment and flood damage to nine of its customer's vehicles caused by Hurricane Harvey.

17. The Policy provides coverage "for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss." *See* Exhibit A, pp. 14, 16-17.

18. On September 8, 2017, a Travelers' claim representative inspected the claimed damage to business property, including the damaged electronic equipment.

19. Travelers assigned individual claim numbers to eight of the nine vehicles but failed to assign a claim number to the ninth damaged customer vehicle.

### Travelers denies coverage of the damaged electronics.

20. On or about September 8, 2017, a Travelers' claim representative inspected the claimed damage to business property, including the damaged electronic equipment.

21. Travelers' inspection of the damaged property on or about September 8, 2017 was not conducted by someone qualified to determine the cause of the damage to the electronic equipment.

22. On September 17, 2017, Travelers denied coverage of the claimed damage to the electronics. Travelers' September 17, 2017 letter denying coverage is attached and

incorporated herein by reference as Exhibit C. *See* Exhibit C, *Denial Letter*.

23. Travelers didn't dispute that the electronic equipment was damaged in its letter denying coverage. *Id.*

24. Rather, Travelers concluded that flooding caused the claimed damage to the electronic equipment. *Id.* More specifically, Travelers asserted: (1) flood caused the damage to the gas pumps; and, (2) off-premises flooding caused a power outage which, in turn, caused the damage to the electronic equipment. *Id.*

25. Travelers' letter denying coverage told Stella Link that the damage to the electronics was excluded from coverage because the Policy excluded coverage for damage caused by flood. *Id.*

## Weather Verification Services.

26. An insurer may not refuse to pay a claim without conducting a reasonable investigation of the claim. Tex. Ins. Code § 541.060(a)(7).

27. Upon information and belief, Travelers knew that lightning could cause damage to electronic equipment. *See* Exhibit B, *Corelogic STRIKEnet Report*.

28. Corelogic Weather Verification Services is a weather verification service and provides "comprehensive data, analytics and services to property and casualty insurance companies". *Id.*

29. Upon information and belief, insurance carriers request lightning reports from weather verification services to verify lightning in the proximity of an insured property when investigating claims for coverage of damaged electronic equipment. *Id.*

30. Upon information and belief, "[w]hile structural damage and fire can be the result of direct hits, entire neighborhoods often experience power outages and surges when lightning strikes – detrimental to electrical systems, expensive electronics and appliances." *Id*.

### Plaintiff provides Travelers with a weather verification report.

31. Stella Link requested a weather verification report from Corelogic and received a Corelogic STRIKEnet Report ("the Report") of lightning strokes registered on August 26, 2017 within a five-mile radius of Stella Link. The Report is attached as Exhibit B and incorporated herein by reference.

32. The Report shows more than 1,000 registered cloud-to-ground lightning strokes within five miles of Stella Link on August 26, 2017. *See* Exhibit B. Many of these registered lightning strokes occurred less than a mile from Stella Link. *Id*.

33. Stella Link provided a copy of the Report to Travelers, which Travelers' received on or about September 4, 2018.

34. Travelers continued to deny coverage of the damaged electronic equipment and after receiving the Report from Stella Link.

### Travelers' explanation of its decision to deny coverage for the damaged electronic equipment.

35. An insurer must "provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim[.]" Tex. Ins. Code § 541.060(a)(3).

36. The policy excludes coverage for property damage caused by flood.

37. Travelers' denial letter regarding the damage to the electronics asserts that the damage is not covered by the policy because it was caused by flood which caused an off-premises power outage. *See* Exhibit C, *Denial Letter - Property*.

38. Travelers' denial letter lacks any factual basis to support its conclusion that: (1) the off-premises power outage caused by the flood caused a power surge at Stella Link; or (2) that any purported power surge resulting from the off-premises power outage caused by flood caused any direct physical loss to the electronic equipment. *Id*.

39. Travelers' improper denial of coverage for the electronic equipment, including the gas pumps, caused Plaintiff to lose revenue because of reduced gas sales.

**Coverage under the Policy for customers' vehicles.**

40. Nine of Stella Link's customers' vehicles that were on Stella Link's property during Hurricane Harvey were damaged by flood.

41. The Policy defines "loss" for purposes of liability coverage as "direct and accidental loss or damage and includes any resulting loss of use." *See* Exhibit A, p. 105.

42. The Policy provides liability coverage of a "loss" to a "Customer's Auto" which the policy defines as "a customer's land motor vehicle or trailer or semitrailer … [and] includes any 'customer's auto' while left with you for service, repair, storage, parking or safekeeping. *See* Exhibit A, p. 103-104.

43. On or about January 2, 2018, Travelers denied Stella Link's claim for liability coverage of its customers' storm-damaged vehicles, stating that its investigation

determined that the damage to the vehicles was "not the result of a comprehensive or collision coverage loss as defined by the GARAGE PAC POLICY." *See* Exhibit D, *Denial of Coverage of Customer Vehicle Damage.* Travelers' letter denying coverage for Stella Link's customers' damaged vehicles is attached as Exhibit D and incorporated herein by reference.

44. In its letter denying coverage for the flood damage to Plaintiff's customers vehicles, Travelers did not dispute that the vehicles were damaged by flood. *Id.*

45. Rather, Travelers quoted the following Policy language without elaboration:

> B. WE WILL PAY
>
> 1. We will pay all sums the insured legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the insured's care while the insured is attending, servicing, repairing, parking or storing it in your "garage operations" under:
>
>> a. Comprehensive Coverage. From any cause except:
>>
>>> (1) The "customer's auto" collision with another object; or
>>>
>>> (2) The "customer's auto" overturn.
>>
>> b. Collision Coverage. Caused by:
>>
>>> (1) The "customer's auto" collision with another object; or
>>>
>>> (2) The "customer's auto" overturn.
>
> *See* Exhibit D, p. 2.

46. Travelers' letter fails to reasonably explain which policy provision quoted is the basis for its decision to deny coverage. *Id.*

47. Nor does Travelers' letter provide a reasonable factual basis for its decision to deny coverage under the quoted policy language. *Id.*

48. Travelers' denial letter also omits any reference to the Policy's "Direct Primary"

coverage basis, which removes one of the limitations of coverage included within the quoted policy language. *Id.*

49. Specifically, the denial letter includes policy language limiting coverage to "sums the insured legally must pay as damages for '"loss' to a 'customer's auto' or 'customer's auto equipment left in the insured's care." *Id.*, p. 2.

50. But Stella Link's policy included an endorsement amending this limitation of coverage by providing coverage for damage to a customer's auto regardless of the amount Stella Link was legally required to pay as damages for the loss to its customer's vehicles. Specifically, the endorsement provides:

> GARAGEKEEPERS LIABILITY applies on the following coverage basis:
>
> ☒DIRECT PRIMARY. If this box is checked, coverage applies without regard to the "insured's" legal liability for "loss" to a "customer's auto" and is primary insurance.

*See* Exhibit A, p. 103, *Endorsement TX M3 03 11 03 Garagekeepers Liability – TEXAS*.

51. Travelers' omission of any reference to this Direct Primary coverage, which provided coverage for Plaintiff's claimed loss regardless of Plaintiff's legal liability, misrepresented the coverage provided by the policy as applied to the claim at issue.

CAUSES OF ACTION
COUNT ONE
**Breach of Contract**

52. Stella Link incorporates by reference and realleges paragraphs 1 through 51.

53. Travelers' failure and/or refusal to pay adequate compensation under the terms of the Policy and the laws of the State of Texas constitutes a breach of Travelers' insurance contract with Stella Link.

54. Stella Link has retained the services of the undersigned law firm as a result of Travelers' breach of the insurance contract.

55. Travelers' breach of the insurance contract caused injury to Stella Link including loss of the benefits owed under the policy for the damaged electronics, damage to and loss of use of Stella Link's customers' vehicles.

56. As a natural, probable, and foreseeable consequence of Travelers' breach of the insurance contract, Stella Link suffered consequential damages including additional and ongoing business interruption losses and additional loss of use damages for the covered vehicles.

57. For breach of contract, Plaintiff is entitled to the policy proceeds owed under the insurance contract, consequential damages from failure to pay those policy proceeds, and attorney's fees. *Vail v. Texas Farm Bur. Mutual Ins. Co.*, 754 S.W.2d 129, 136 (Tex. 1988); *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 17 (Tex. 1994); Tex. Civ. Prac. & Rem. Code § 38.001; *Grapevine Extraction, Inc. v. Maryland Lloyds*, 35 S.W.3d 1 (Tex. 2000).

## COUNT TWO
## Noncompliance with the Texas Insurance Code:
## Prompt Payment of Claims

58. Stella Link incorporates by reference and realleges paragraphs 1 through 51.

59. Travelers' delay of payment of Stella Link's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim as prohibited by the Prompt Payment of Claims Statute, Tex. Ins. Code §§ 542.058 and 542.060.

60. Stella Link has retained the services of the undersigned law firm as a result of Travelers' violation of the Prompt Payment of Claims Statute, Tex. Ins. Code §§ 542.058 and 542.060.

61. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim and simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Tex. Ins. Code § 542.058(a) and 542.060(a); *Higginbotham v. MetLife Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997); *Protective Life Ins. Co. v. Russell*, 119 S.W.3d 274, 286 (Tex. App. – Tyler 2003 pet. denied); *Oram v. MetLife Lloyds Mutual Life Ins. Co. of New York*, 965 F. Supp. 891, 893 (E.D. Tex. 1997).

## COUNT THREE
## Non-Compliance with the Texas Insurance Code:
## Unfair Settlement Practices

62. Stella Link incorporates by reference and realleges paragraphs 1 through 51.

63. Travelers' misrepresentation by omission to Stella Link of a material fact or policy provision relating to the coverage at issue for Plaintiff's claim for damage to the electronic equipment and losses resulting from damage to its customers' vehicles constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1).

64. Travelers' failure to provide a reasonable explanation to Plaintiff of the basis in the policy, in relation to the facts or applicable law, for Travelers' denial of Plaintiff's claim for damage to the electronic equipment, business interruption losses, and losses resulting from the damage to its customers' vehicles constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3).

65. Travelers' refusal to pay Plaintiff's claim for damage to the electronic equipment, business interruption losses, and losses resulting from the damage to its customers' vehicles without conducting a reasonable investigation of the claim and/or by conducting an outcome oriented investigation constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

66. Travelers' failure to attempt in good faith to effectuate a prompt, fair and

equitable settlement of Plaintiff's claim for damage to the electronic equipment, business interruption losses, and losses resulting from the damage to its customers' even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A).

67. Travelers committed each of these unfair methods of competition and unfair and deceptive acts or practices in the business of insurance "knowingly" as that term is used in the Texas Insurance Code.

68. These unfair methods of competition and unfair and deceptive acts or practices in the business of insurance, either individually or in combination, was the producing cause of Stella Link's loss of benefits it was owed by Travelers under the Policy.

69. These unfair methods of competition and unfair and deceptive acts or practices in the business of insurance, either individually or in combination, was the producing cause of Stella Link's retaining the undersigned law firm.

70. These unfair methods of competition and unfair and deceptive acts or practices in the business of insurance, either individually or in combination, was the producing cause of Stella Link's consequential damages including additional and ongoing business interruption losses.

71. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices statute, Plaintiff is entitled to actual damages caused by Defendant's conduct, including the loss of the benefits that should have been paid pursuant to the policy and

the consequential damages of additional business losses. Plaintiff is also entitled to court costs and attorney's fees.

72. Because Defendant acted "knowingly," Plaintiff asks for three times its actual damages. Tex. Ins. Code § 541.152.

### PRAYER FOR RELIEF

73. Stella Link respectfully prays that Travelers be cited to appear and answer herein, and that, upon a final hearing of this matter, judgment be entered for Stella Link against Travelers and that Stella Link be awarded all damages described above and recover such sums as would reasonably and justly compensate it in accordance with rules of the law and procedure.

Respectfully submitted,


**FRIESELL WESTERLAGE, PLLC**

By: /s/ Aristotelis Westerlage
Aristotelis Westerlage
State Bar No. 24088622
telly@fwlawtexas.com

By: /s/ John Riley Friesell
John Riley Friesell
Federal Bar No. 21608
State Bar No. 90001413
john.friesell@sbcglobal.net

One City Centre
1021 Main Street, Suite 1250
Houston, Texas 77002
Telephone: 713-236-9177
Fax: 888-749-3831

**Attorneys for Plaintiff**
**Stella Link Mobile Service Station, Inc.**